IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAIME LUEVANO,

    Plaintiff,

v.                                                  CASE NO. 1:13-cv-227-SPM-GRJ

US SUPREME JUDGES, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Jaime Luevano, an inmate serving a life sentence in the Texas Department of Criminal Justice, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. (Docs. 1, 2.) This case is before the Court for screening pursuant to 28 U.S.C § 1915(b)(2), governing proceedings *in forma pauperis*. For the following reasons, the undersigned recommends that leave to proceed as a pauper should be denied, and that this case should be dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

---

[1] *See, e.g., Luevano v. Boykin,* No. 5:08-cv-1844 (N.D. Ohio Oct. 31, 2008) (dismissing for failure to state a claim); *Luevano v. Richardson*, No. 1:08-cv-781) (D.N.M. Oct. 1, 2008) (dismissing for failure to state a claim); *Luevano v. Clinton*, No. 2:08-cv-1360 (E.D.N.Y. Apr. 4, 2008) (dismissing complaint as frivolous); *Luevano v. Bd. of Displinary App.,* No. 5:08-cv-0107 (W.D. Tex. Mar. 20, 2008) (dismissing as frivolous); *Luevano v. Doe*, No. 1:07-cv-1025 (W.D. Tex. Jan. 18, 2008) (dismissing complaint as frivolous); *Luevano v. Perry,* No. 1:07-cv-1026 (W.D. Tex. Jan. 18, 2008) (dismissing complaint as frivolous); *Luevano v. U.S. President of Am.,* No. 08-cv-0053 (D.D.C. Jan. 2, 2008) (dismissing for failure to state a claim).

Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, the Court is not persuaded that Plaintiff is in imminent danger of serious physical injury from the defendants. None of the defendants named in the Complaint (Plaintiff names as defendants U.S. Supreme Judges, Clerks, U.S. Texas Judges, Gov. Rick Perry, Attorney General Greg Abbott, and Panel of Jury Jurors) present any real and proximate imminent threat to him. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is

no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be **DENIED,** and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 14th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**